UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM RESTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14616-WBV-DMD** |
| **HOME DEPOT U.S.A., INC.** | **SECTION D (3)** |

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment on Plaintiff's Spoliation Claim, filed by defendant, Home Depot U.S.A., Inc. (hereafter, "Home Depot").[1] Home Depot asserts that it is entitled to summary judgment as a matter of law under Fed. R. Civ. P. 56 with respect to Plaintiff's spoliation claims[2] because there is no evidence of any intentional destruction or loss of video surveillance evidence in this case, or evidence that there was any destruction or loss to prevent Plaintiff from having access to the requested evidence. Home Depot claims that summary judgment is appropriate because Plaintiff is in possession of all the evidence and documents requested that exist, and none of the evidence has been lost or destroyed.[3]

Plaintiff filed a Response to the Motion, acknowledging that his Complaint referenced spoliation of evidence in two paragraphs – Paragraphs XI and XIV.[4] Plaintiff asserts that the spoliation claims were included because on the day of the incident, he was told by Home Depot's store manager, Ronald Weatherhead, that the

---

[1] R. Doc. 65.
[2] R. Doc. 65-3 at pp. 1-2 (*citing* R. Doc. 1 at ¶¶ XI, XIV).
[3] R. Doc. 65-3 at p. 3.
[4] R. Doc. 67 at p. 1.

incident was recorded on one of the store's video cameras, which was in Home Depot's possession, and Home Depot refused to release any video evidence in this case to Plaintiff or his counsel pre-suit.[5] Plaintiff claims that during discovery, Plaintiff received all videos and other documentary evidence regarding the underlying incident and, therefore, Plaintiff does not oppose the dismissal of his spoliation claims, which were asserted only in the event that such spoliation of evidence came to light.[6] Plaintiff further assumes that should any evidence of spoliation surface from this point forward, it would be the subject of a separate motion.

Accordingly, because the Motion for Summary Judgment is unopposed, and further, it appearing to the Court that the Motion has merit, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment on Plaintiff's Spoliation Claim[7] is **GRANTED** and Plaintiff's spoliation claims against defendant, Home Depot USA, Inc., are hereby **DISMISSED with prejudice** at Plaintiff's cost.

New Orleans, Louisiana, June 17, 2021.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[5] *Id.*
[6] *Id.*
[7] R. Doc. 65.